| **700 Eighth Retail Owner LP v RP/HH Milford Plaza Ground Tenant, LP** |
|:---:|
| 2024 NY Slip Op 30020(U) |
| January 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650360/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ARLENE P. BLUTH**                          PART                    14

*Justice*

----------------------------------------------------------------------------X

700 EIGHTH RETAIL OWNER LP,

INDEX NO.                650360/2023

Plaintiff,

MOTION DATE          12/22/2023

- v -

MOTION SEQ. NO.          002

RP/HH MILFORD PLAZA GROUND TENANT, LP, RP/HH
MILFORD PLAZA RETAIL TENANT, LP, CARE CUBE,
LLC,JOHN DOE, JANE DOE, XYZ ENTITY NOS. 1-3

**DECISION + ORDER ON
MOTION**

Defendant.

----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 52, 53, 54, 55, 56,
57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 80, 81, 82

were read on this motion to/for                          JUDGMENT - SUMMARY                          .

Plaintiff's motion for summary judgment is granted.

**Background**

This commercial landlord tenant matter concerns three separate leases located in the same

building owned by plaintiff.  One lease was with defendant RP/HH MILFORD PLAZA

GROUND TENANT, LP ("Ground") for the food court, another lease concerned a café with

defendant RP/HH MILFORD PLAZA RETAIL TENANT ("Retail") and the final lease was also

between plaintiff and Retail, and covered a gym space. Defendant Care Cube, LLC is allegedly

an "undertenant" for the café space.

Plaintiff acknowledges that it entered into an agreement with Ground and Retail in April

2023 in which Ground and Retail paid use and occupancy and stipulated that they had vacated

possession as of March 31, 2023 (NYSCEF Doc. No. 42).

**650360/2023   700 EIGHTH RETAIL OWNER LP vs. RP/HH MILFORD PLAZA GROUND TENANT,        Page 1 of 5
LP ET AL
Motion No.  002**

1 of 5

[* 1]

Plaintiff brings this motion for unpaid rent and additional rent. It observes that it sent termination letters for each lease that terminated each one as of December 9, 2022. Plaintiff argues that Ground and Retail remained in possession after the termination date and did not vacate until March 31, 2023. It claims it is entitled to recover a money judgment for $7,236,607.35. Plaintiff also seeks to dismiss each of defendants' 15 affirmative defenses and claims that these defenses are insufficient as a matter of law.

In opposition, defendants contend that plaintiff failed to meet its burden on a motion for summary judgment. They insist that plaintiff did not submit evidence in admissible form and argue that the affidavit of Mr. Brandt did not sufficiently establish anything about plaintiff's record-keeping practices and procedures. Defendants emphasize that Mr. Brandt admits he works for a separate entity from plaintiff. They argue that simply having access to such information is not adequate to establish a proper foundation.

In reply, plaintiff contends that it met its burden in the moving papers to lay a proper foundation. It observes that defendants did not question the authenticity of the leases and did not submit anything from the defendants themselves in opposition.

**Discussion**

The only question on this motion is whether plaintiff met its evidentiary burden to establish its claims.

> "To establish a foundation for the admission of a business record, the proponent of the record must satisfy the requirements identified in the statute. First, the proponent must establish "that the record be made in the regular course of business—essentially, that it reflect a routine, regularly conducted business activity, and that it be needed and relied on in the performance of functions of the business. Second, the proponent must also demonstrate that it be the regular course of such business to make the record essentially, that the record be made pursuant to established procedures for the routine, habitual, systematic making of such a record. Third, the proponent must establish that the record be made at or about the time of the event being recorded—essentially, that recollection be fairly accurate and the

**650360/2023   700 EIGHTH RETAIL OWNER LP vs. RP/HH MILFORD PLAZA GROUND TENANT, LP ET AL**
**Motion No.  002**

**Page 2 of 5**

2 of 5

habit or routine of making the entries assured" (*Bank of New York Mellon v Gordon*, 171 AD3d 197, 205, 97 NYS3d 286 [2d Dept 2019] [internal quotations and citations omitted]).

Here, defendants complain about the affidavit of Mr. Brandt (*see* NYSCEF Doc. No. 53). In his affidavit, Mr. Brandt observes that he is "the Vice President of Fund VIII Debt Holdings GP LLC, the general partner of plaintiff, 700 Eighth Retail Owner LP ("Landlord"), in this action. I am familiar with the facts and circumstances set forth herein" (*id*. ¶ 1). When referring to the ledgers (often the key evidence in a landlord-tenant dispute about unpaid rent), Mr. Brandt observes that:

> "Such ledgers and summaries of real estate tax calculations annexed hereto (collectively, the "Business Records") were generated by Landlord's employees and agent(s) entering the charges due under and pursuant to the terms of the three subject leases into Landlord's computer system that is used to manage Tenants accounts. I have access to those computer records. As such, I am a custodian of the Business Records. The Business Records are true and accurate representations of our electric records. The Business Records were made in the ordinary course of Landlord's business, it was the regular course of such business to make such records and the charges were posted and entered at or about the date of the transactions set forth therein" (*id*. n 2).

The Court finds that plaintiff easily met its burden in its moving papers. Clearly, Mr. Brandt established that the ledgers were created in the landlord's ordinary course of business and that plaintiff relied upon these records when it asked the defendants to pay rent. There is no legitimate dispute that landlord regularly used the ledgers to keep a record of the status for each of the three leases. And Mr. Brandt demonstrated that the records were generated at the appropriate time (i.e., when the rent and other charges came due). He also met his burden to show how he gained access to these records and how they are stored.

Defendants' objections to this affidavit do not raise an issue of fact. That Mr. Brandt did not expressly use the words "personally" or "reviewed" is not a basis to deny the instant motion as this affidavit provides a detailed analysis of the ledgers and their origin. And although

**650360/2023   700 EIGHTH RETAIL OWNER LP vs. RP/HH MILFORD PLAZA GROUND TENANT, LP ET AL**
**Motion No.  002**

**Page 3 of 5**

3 of 5

defendants argue that there is some tenuous connection between Mr. Brandt and plaintiff, Mr. Brandt observed that he works for an entity that is the general partner of plaintiff. Defendants did not explain how this working relationship renders this affidavit as insufficient. That Mr. Brandt did not work directly for plaintiff is not fatal (*see Gordon*, 171 AD3d at 209).

Under defendants' view, plaintiffs would never meet their prima facie burden for the submission of business records. Defendants appear to demand a never-ending list of additional requirements in order for a landlord to establish that the tenant did not pay the rent. That is simply not the law. And, here, defendants did not submit anything from someone with personal knowledge in opposition to contest the authenticity of certain documents and raise questions about Mr. Brandt's assertions or ability to lay the proper foundation for these records.

Defendants did not contest that they entered into three leases, that they failed to pay the rent or even contest the amount plaintiff claims is due. Therefore, the Court grants the motion and dismisses the affirmative defenses (as defendants did not address any of these in their opposition).

Plaintiff is also entitled to reasonable legal fees under the terms of the leases. However, because plaintiff did not ask for a specific amount or include invoices, if plaintiff wants to pursue legal fees, then the Court directs plaintiff to make a motion therefor on or before January 25, 2024. If a motion is made, the Court will evaluate whether a hearing is necessary.

Accordingly, it is hereby

ORDERED that plaintiff's motion is granted, defendants' affirmative defenses are severed and dismissed, and the Clerk is directed to enter judgment in favor of plaintiff and against defendant RP/HH Milford Plaza Ground Tenant, LP ("Ground"), in the amount of $2,957,686.37 and in favor of plaintiff and against defendant RP/HH Milford Plaza Retail

**650360/2023   700 EIGHTH RETAIL OWNER LP vs. RP/HH MILFORD PLAZA GROUND TENANT,                Page 4 of 5
LP ET AL
Motion No.  002**

4 of 5

[* 4]

Tenant, LP ("Retail"), in the amount of $4,278,920.98, along with statutory interest for both amounts from September 15, 2021 (a reasonable midpoint) along with costs and disbursements upon presentation of proper papers therefor; and it is further

ORDERED that the issue of reasonable legal fees is severed and plaintiff shall make a motion for such fees on or before January 25, 2024.

| 1/3/2024 | | | |
|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**650360/2023   700 EIGHTH RETAIL OWNER LP vs. RP/HH MILFORD PLAZA GROUND TENANT, LP ET AL**
**Motion No.  002**

Page 5 of 5